# A. BROTHER, Syndic of P. CONREY, JR., *v.* NEW ORLEANS CANAL AND BANKING COMPANY.

Article 1983 of the Civil Code, which obliges a creditor who has been preferred, to share the loss ratably with the complaining creditors, gives the right to compel them so to do, only to those creditors whose debts were either due or would fall due before that of which the payment was anticipated by the debtor in insolvent circumstances.

In order to succeed in a suit to make the preferred creditor contribute ratably, the actors must specially allege the nature of their debts, and prove themselves to have been creditors within the meaning of the Article.

The syndic of an insolvent cannot bring such a suit.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Logan Hunton* and *Singleton*, for plaintiff and appellant. *E. A. Bradford*, for defendant.

COLE, J. *Peter Conrey, Jr.*, made a judicial surrender of his property to his creditors on the 7th of November, 1851, and *Alexander Brother*, as syndic of the creditors instituted the present suit on the 28th of April, 1852.

The gravamen of the suit is, that *Conrey*, on the 8th of July, 1851, being then in a condition of actual but not declared insolvency, transferred to the Canal and Banking Co., a note of *R. W. Montgomery*, the payment whereof *Marshall & James* had assumed, for $17,666 66, due at twelve months from the 8th July, 1851, and other notes amounting together to $6,905 92, in payment of his two acceptances, for $10,000 each, due, one on the 18th and the other on the 28th of July, 1851. The original petition alledged that when this anticipated payment was made, the Bank *knew* of the actual insolvency of *Conrey;* that the transfer was a fraudulent preferment of the Bank, and a fraud on the rights of the other creditors. The amended petition avers, that it was intended, both by the Bank and *Conrey*, to make an unlawful payment, and to give an unlawful and unjust preference; and it *also* alledges it to have been an *anticipated* payment that gave an unjust and illegal preference, to the injury of various creditors, whose debts fell due and became payable *before* the two acceptances.

The amended petition prayed that the Bank might be condemned to pay the syndic $20,000, with interest, *to be distributed ratably among the ordinary creditors of Conrey*, and for general relief.

The defendants in answer, admit that they discounted the paper in question for *P. Conrey, Jr.*, and that the proceeds of the discount were applied by him to the

payment of his acceptances, then held by them for $20,000, but aver that the transaction was made on their part in good faith, under the full belief that *Conrey* was solvent, and without any view whatever to obtain any preference over other creditors, and deny especially all the charges of fraud or preference made by the plaintiff.

The District Judge referred this cause to a special jury of merchants, who returned the following verdict on the 18th February, 1857 :

" We, the jury, find a special verdict as follows :

" 1. That no evidence has been furnished which proves a knowledge of *Conrey's* insolvency on the part of the Canal Bank on the 8th July, 1851.

" 2. That it was the understanding on the part of the Bank that the proceeds of the discount of the 8th of July, 1851, should, in part, be applied to the extinguishment of his unmatured obligations, and that the proceeds were so applied on that day.

" 3. That we are of the opinion he (*Conrey*) was insolvent on the 8th July, 1851."

On motion of the plaintiff's counsel, this verdict was ordered by the court to be recorded, and on the 20th February, 1857, the plaintiff " moved the court to enter up judgment for plaintiff according to law, upon the special verdict of the jury rendered herein."

The defendants thereupon filed a peremptory exception, founded on law, to the amended petition, on the ground that it was not competent to the plaintiff, in his alledged capacity as syndic of the creditors of *Peter Conrey, Jr.*, to have and maintain any action against the defendants for the causes set forth in his amended petition.

This exception was sustained by the District Court, and a final judgment was entered for the defendants. Plaintiff has appealed.

It appears to us, that the court did not err. Article 1983 of the Civil Code provides that, " If a debtor, in insolvent circumstances, shall anticipate the payment of a debt not yet payable, and shall, to the injury of the creditors whose debts were either then due, or would fall due before that of which he anticipated the payment, this shall be deemed to have been done in fraud of the creditors, and the creditor so preferred, shall be obliged to share the loss ratably with the complaining creditors, each creditor, however, preserving the right of mortgage or privilege, if any, which his original debt gave him by law."

This Article establishes that the anticipated payment must be an injury to creditors whose debts were either then due or would fall due before that of which the payment was anticipated. If there are no creditors of this character, there can be no action. If there are, then they, and not the mass of the creditors derive benefit from the suit against the creditor paid by anticipation. In order to succeed in a suit to make the preferred creditor contribute ratably, the actors must specially allege the nature of their debts, and prove themselves to have been creditors at the time of the preferred payment, and also at the time of instituting their action. The syndic not having any greater rights than the creditors they represent, must make these allegations, if such right of action can be supposed to appertain to him, and also establish the same to be true.

As this action belongs to a certain class of creditors and is their special prerogative, and is enacted for their peculiar benefit on the ground that they only are injured, it can therefore be either tacitly or directly waived. There being no law authorizing the other creditors to avail themselves of this action, when the particular class have declined it, the syndic cannot therefore exercise it.

The amount paid to the preferred creditor is no part of the common assets, for the preferred creditor is only liable to a particular class of creditors, and that ratably. If the amount of the debt paid to the preferred creditor was $20,000, and that due to the class of creditors injured thereby $7000, the latter could not at most, get more than the total of their claims, so that there would remain a large balance belonging to the preferred creditor, which could not be touched by the other creditors. The syndic is not entitled, as he has asked in this case, to have the whole amount, or indeed, any part of the amount paid to the preferred creditor, brought into the common mass to be distributed ratably among the ordinary creditors.

It is true, that claims upon which there are privileges are tried in concurso with those against the insolvent which are of an ordinary nature, but in such case if the amount of the property of the insolvent upon which there are privileged claims exceeds that of the latter, the difference goes into the general mass of assets. By Article 1983, however, if the amount of the preferred claim exceeds that due the class of injured creditors, the excess does not go into the common mass, but is retained by the preferred creditor. So there would be no wisdom on the part of the syndic in putting the estate of the insolvent to the risk of paying costs and attorney's fees by instituting suit against the preferred creditor, when neither the whole or any part thereof can enter into the mass and be enjoyed by all the creditors.

The principal reason, perhaps, that might be given for the right of the syndic to sue is, that if the creditors injured decline suing, and the syndic sues and succeeds in the action, if the preferred creditors are paid in whole or in part, the other creditors would be benefited, because the preferred creditors would either draw no dividends at all, or not so large ones from the common mass, so that there would be a larger amount of money left for distribution among the mass of the creditors.

Such an interest as this cannot, however, give the right of action, and the law has left it to the volition of the preferred creditors, deeming the motives of self-interest to be sufficient to prompt them to institute the action, if there be any reasonable ground to apprehend success.

The syndic is the representative of the mass, and not of any particular creditor or class of creditors, so far as relates to their special interests. Sess. Acts, 1855, p. 437. § 28. *Decuir* v. *Veazey et al*, 8 An. p. 453. *Campbell* v. *Slidell*, 5 An. 274. Boulay Paty, 1 Banqueroutes et Faillites, 430, § 322, and notes to Article 528, Code de Commerce, in Sirey's Cinq Codes Annotés.

As this case is decided upon the peremptory exception, it is unnecessary to decide at present whether the presumption of fraud, as declared in Article 1983 of the Civil Code can be rebutted by evidence.

Judgment affirmed, with costs.

MERRICK, C. J., dissenting. I am of the opinion that the syndic was the proper person to bring this suit. Our law differs in this respect from the Code de Commerce, Art. 528. See Arts. 1965, 1988, 1972, 1989, C. C. The decisions are uniform that an individual creditor cannot bring the revocatory action after the surrender, and we have just decided the same in the case of *Hart* against *Goldsmith, Haber & Co.* 3 M. R. 276.

It is no objection to the action that the fund when recovered may be distributed among particular creditors. Does not that almost always happen when there are judicial mortgages, and property is recovered under the *actio pauliana?*

The presumption, I think, established by Article 1983, is *juris et de jure*. It says the anticipated payment *shall be* DEEMED *to have been done in fraud of creditors*. Art. 2266 declares that, "legal presumption dispenses with all other proof in favor of him for whom it exists."

"No proof is admitted against the presumption of law, when on the strength of that presumption it annuls certain acts, or refuses a judicial action unless it has reserved the contrary proof and saving what will be said on the judicial confession."

No reservation is made in the article in question.

The injury to the creditors appears from the fact that, at the time this anticipated payment was made *Conrey's* paper had been protested in New York for a large amount, and this to the knowledge of the officers of the bank.

I think judgment on the verdict of the jury ought to have been rendered in favor of the plaintiff.

LAND, J., concurred in this opinion.